# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Young B. Kim | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1488 | **DATE** | March 29, 2012 |
| **CASE TITLE** | Cruz vs. Target Corporation | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to compel [43] is granted in part and denied in part. Defendant is ordered to provide its answers and documents responsive to production requests as directed herein by no later than April 13, 2012. A status hearing is scheduled for April 17, 2012, at 11:00 a.m. in courtroom 1944D. Parties are to report on the number of depositions, including 30(b)(6) depositions, they require in this case.

■[For further details see text below.]

Notices mailed by Judicial staff.

# STATEMENT

On February 27, 2012, Plaintiffs moved to compel Defendant to provide answers and responsive documents to Interrogatories 6, 7, 13 and 14, and Requests to Produce 1 and 5. On March 6, 2012, the court heard arguments in support of and against the motion to compel. Defendant supplemented its arguments with a written opposition on March 20, 2012, and Plaintiff filed a reply thereto on March 26, 2012.

As a general matter, Federal Rule of Civil Procedure 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things." For discovery purposes, relevance is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. Despite this broad scope permitted by the federal rules, the court, exercising its broad discretion, has to consider the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court.

The motion is granted as to Interrogatories 6 and 7 and granted in part as to Request to Produce 5. Defendant is ordered to provide full and complete answers to Interrogatories 6 and 7 and to turn over documents responsive to Request to Produce 5 to the extent that it has written policies on the subject of maintaining and storing surveillance recordings and responding to court orders requiring preservation of surveillance recordings. Plaintiff is entitled to develop information on the contents of the destroyed recordings, the circumstances surrounding the destruction of surveillance recordings (more specifically the recording from 8:00 a.m. to the time of the incident on December 31, 2010), and Defendant's policies governing the maintenance and storage of surveillance recordings and response to court orders of preservation. Defendant argues that pursuant to Federal Rule of Civil

**STATEMENT**

Procedure 26 Plaintiffs are not entitled to discovery to develop new claims and because they have not asserted a claim of evidence spoliation they are not entitled to investigate the facts of the missing surveillance recording. This argument is not persuasive because Plaintiffs are not interested in gathering information to raise a new claim. Rather, they seek the discovery to determine whether Defendant's destruction of evidence may be cause for discovery sanctions. Courts have recognized that a party that destroys evidence may be subject to sanctions and adverse inferences depending on the circumstances surrounding the destruction. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008); *Romaine ex rel. Romaine v. City of Chicago*, No. 05 CV 2643, 2007 WL 2570347, *2 (N.D. Ill. Aug. 30, 2007). Without knowing the specifics surrounding the destruction of surveillance recordings that, notably, were the subject of a preservation order, and what information a fact finder may have been able to glean from the missing recordings, Plaintiffs (and this court) are unable to determine whether sanctions are appropriate.

The motion is also granted in part as to Interrogatories 13 and 14 and Request to Produce 1. Defendant is ordered to provide a summary of the incidents of falls (falls of both customers and employees) inside Defendant's store located at 2656 North Elston in Chicago, the dates of those falls and the specific location of the falls inside the store for the period covering January 1, 2009, to December 31, 2010. If Defendant does not keep records of falls occurring inside the store and does not have the means to compile this summary, it must state so. This information may lead to relevant evidence to support Plaintiffs' theory that Defendant failed to adopt an effective policy to monitor the condition of its floors to prevent falls given its food and drink operation within the store. Defendant is ordered to answer Interrogatory 14 to the extent that it covers the time period between the opening of the store and Plaintiff Rosa Cruz's fall. If anyone, including customers and employees, complained of or commented about foreign substance near the area where Plaintiff Rosa Cruz fell, such information is relevant to this case. As to Request to Produce 1, Plaintiff is entitled to discover Defendant's policies and procedures as they existed on December 31, 2010, on inspecting the store floors at 2656 North Elston, on addressing complaints of slippery floors or foreign substance and on removing and cleaning foreign substances on store floors.